IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA B., in her individual capacity, and as parent and natural guardian of Plaintiff R.B. | Civil Action No.   2:21-cv-578 |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| JAMES E. SHAW, SR. and JESSE LNU, | |
| | Electronically filed. |
| Defendants. | |

COMPLAINT IN A CIVIL ACTION

COME NOW the Plaintiffs, LINDA B. and R.B., by and through their attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby file their Complaint in a Civil Action as follows:

JURISDICTION

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiffs under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiffs' rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).  Supplemental jurisdiction over Plaintiffs' state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

4. Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania.

PARTIES

5.      Plaintiff, Linda B. is an adult individual who resides in Fayette County, Pennsylvania. Plaintiff Linda B. is the parent and natural guardian of the minor Plaintiff R.B.

6.      Plaintiff R.B. is a minor child who resides in Fayette County, Pennsylvania. Plaintiff R.B. is the son of Plaintiff Linda B.

7.      Defendant, James E. Shaw, Sr. ("Shaw"), is an adult individual. Plaintiffs believe, and therefore aver, that Defendant Shaw resides in Fayette County, Pennsylvania. At all times relevant to this Complaint, Defendant Shaw was employed as working a School Resource Officer at Connellsville Area School District, with offices located at 732 Rockridge Road, Connellsville, Pennsylvania 15425.

8.      Defendant, Jesse LNU, is an adult individual. Plaintiffs believe, and therefore aver, that Defendant Jesse LNU resides in Fayette County, Pennsylvania. At all times relevant to this Complaint, Defendant was employed as a school resource officer at Connellsville Area School District, with offices located at 732 Rockridge Road, Connellsville, Pennsylvania 15425.

FACTUAL ALLEGATIONS

9.      On or about October 17, 2020, at or around 11:30 a.m., Plaintiff R.B. departed from Connellsville Area Career and Technical Center after completing his scheduled classes for the day.

10.     Plaintiff R.B. proceeded to walk toward Connellsville Area Senior High School's ("CAHS") parking lot. Shortly thereafter, Plaintiff R.B. encountered Defendants Shaw and Jesse LNU.

11.     At that time, Defendants Shaw and Jesse LNU stopped Plaintiff R.B. and began to question him, without any reason and/or justification.

12. At that time, Plaintiff R.B. was not violating any school rules, regulations and/or laws.

13. Plaintiff R.B. did not behave dangerously or pose a threat to any Defendant, student and/or citizens of the community before or during his interaction with the Defendants.

14. Plaintiff R.B. informed the Defendants that he was uncomfortable with Defendants questioning him and that he was not in violation of any school rules, regulations and/or laws.

15. Thereafter, Plaintiff R.B. continued to walk toward the parking lot. In response, Defendant Shaw, without provocation or justification, attacked Plaintiff R.B., forcefully twisted his right arm behind his back, swept his legs out from underneath of him and knocked him onto the ground. Defendant Shaw then aggressively and tightly handcuffed the Plaintiff.

16. Defendant Jesse LNU observed Defendant Shaw's unnecessary and unlawful behavior and took no action to stop him, despite having the opportunity to do so.

17. Defendant Jesse LNU also threatened to "pepper spray" Plaintiff R.B. if he did not cooperate with the Defendants.

18. Defendants then unlawfully detained Plaintiff R.B., without any probable cause, and escorted him into CAHS. At one point, Plaintiff R.B. asked Defendant Shaw if he was going to "slam" his body against the ground again. Defendant Shaw responded "I just might."

19. As a direct and proximate result of the unlawful and excessive actions of the Defendants, as more fully described hereinbefore above, Plaintiff R.B. sustained injuries to his wrists and right shoulder, including, but not limited to, bruising and swelling.

20. When Plaintiff R.B. and Defendant Shaw and Defendant Jesse LNU entered CAHS, Defendants notified the vice principal, Mr. Andrew Hendrick ("Hendrick"), that Plaintiff R.B. was "vaping" at the time that the Defendants encountered him, as more fully described hereinbefore above. This was, and is, materially false.

3

21. Plaintiff Linda B. was notified of the incident, as more fully described hereinbefore above, and arrived at CAHS shortly thereafter.

22. Defendant Shaw then threatened to charge Plaintiff R.B. with various crimes, including, but not limited to, disorderly conduct and resisting arrest.

23. Plaintiffs Linda B. and R.B. held a private, closed-door meeting with Mr. Hendrick in his office to discuss the incident involving the Defendants, as described hereinbefore above.

24. During this private, closed-door meeting, Plaintiff Linda B. discovered that Defendant Shaw had intentionally left his cellular device inside Mr. Hendrick's office and intentionally recorded the private closed-door meeting, for which he was not present, with that device.

25. As a direct and proximate result of the unlawful actions of Defendants Shaw and Jesse LNU, Plaintiff R.B. has suffered, and continues to suffer, from enhanced anxiety and physical manifestations of anxiety, including, but not limited to, stomach and abdominal issues.

26. On or about March 16, 2021, Defendant Shaw was charged with various criminal charges in connection with the events of October 17, 2020, as more fully described hereinbefore above, including felony charges of false imprisonment of a minor and four (4) counts of intercept communications, misdemeanor charges of unlawful restraint/serious bodily injury, coerce/threaten to accuse of crime, recklessly endangering another person and two (2) counts of simple assault and a summary charge of harassment.

COUNT I:

PLAINTIFF R.B. v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FOURTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

EXCESSIVE FORCE

27. Plaintiffs incorporate by reference Paragraphs 1 through 26 as though fully set forth at length herein.

28. Plaintiff R.B. claims damages for the injuries set forth herein under 42 U.S.C. §1983 against the above-captioned Defendants for violations of Plaintiff R.B.'s constitutional rights under color of law.

29. At all times relevant hereto, under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, Plaintiff R.B. had the right to be free from excessive, unreasonable and unjustified force by Defendant Shaw.

30. The excessive, unreasonable and unjustified force used by Defendant Shaw against the Plaintiff constituted a violation of Plaintiff R.B.'s rights as guaranteed under the Fourth Amendment to the United States Constitution.

31. At no time was the Plaintiff an immediate threat to the safety of any Defendant or any other individuals.

32. Plaintiff's right to be free from assault and excessive, unreasonable and unjustified force was violated when he was physically assaulted by Defendant Shaw, acting under color of law.

33. Defendant Jesse LNU observed Defendant Shaw's unnecessary and unlawful behavior and failed to intervene. Defendant Jesse LNU's failure to intervene caused the Plaintiff further injury.

34. Defendants' actions were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendants to punitive damages.

35. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, and each of them, Plaintiff R.B. suffered the following injuries and damages:

   a. violation of Plaintiff's constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution;

   b. extreme physical pain and suffering;

   c. fright, horror and shock;

   d. emotional trauma and suffering; and

   e. economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, Plaintiff R.B. demands compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF R.B. v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

<u>FALSE IMPRISONMENT</u>

36. Plaintiffs incorporate by reference Paragraphs 1 through 35 as though fully set forth at length herein.

37. Plaintiff R.B. claims damages for the injuries set forth herein under 42 U.S.C. §1983 against the above-captioned Defendants for violations of Plaintiff R.B.'s constitutional rights under color of law.

38. The unreasonable seizure of Plaintiff R.B.'s person by Defendants and Plaintiff R.B.'s subsequent detainment constituted an unreasonable deprivation of the Plaintiff's liberty in violation of his constitutional rights, and at all times was done without probable cause to believe the Plaintiff had committed an act which would justify his detainment.

39. The actions of the Defendants were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff R.B., thereby subjecting Defendants to punitive damages.

40. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, Plaintiff R.B. suffered the following injuries and damages:

    a. violation of his constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution;

    b. physical pain and suffering;

    c. fright, horror and shock;

    d. emotional trauma and suffering; and

    e.    economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, Plaintiff R.B. demands compensatory general damages against the Defendants, jointly and severally, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF R.B. v. DEFENDANT SHAW

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>ASSAULT AND BATTERY</u>

41.    Plaintiffs incorporate by reference Paragraphs 1 through 40 as though fully set forth at length herein.

42.    Defendant Shaw intentionally, willfully and maliciously attacked Plaintiff R.B., forcefully twisted his right arm behind his back, swept his legs out from underneath of him and knocked him onto the ground, without any probable cause to do so.

43.    The actions of Defendant Shaw were willful, deliberate and were done with a reckless disregard for the rights of Plaintiff R.B., thereby subjecting Defendant Shaw to punitive damages.

44. As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant Shaw, Plaintiff R.B. suffered the following injuries and damages:

    a. violation of Plaintiff's rights under Pennsylvania Common Law;

    b. physical pain and suffering;

    c. fright, horror and shock;

    d. emotional trauma and suffering; and

    e. economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, Plaintiff R.B. demands compensatory general damages against Defendant Shaw in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Shaw. and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                     JURY TRIAL DEMANDED

## COUNT IV:

### PLAINTIFF R.B. v. ALL DEFENDANTS

### VIOLATION OF PLAINTIFF'S PENNSYLVANIA COMMON LAW RIGHTS

<u>FALSE IMPRISONMENT</u>

45. Plaintiff incorporates by reference Paragraphs 1 through 44 as though fully set forth at length herein.

46. Plaintiff R.B. claims damages for the injuries set forth herein under Pennsylvania Common Law against the Defendants for violations of Plaintiff R.B.'s rights under color of law.

47. The unreasonable seizure of Plaintiff R.B.'s person by Defendants and Plaintiff R.B.'s subsequent detainment constituted an unreasonable deprivation of Plaintiff's liberty in violation of common law of the Commonwealth of Pennsylvania, and at all times was done without probable cause to believe the Plaintiff had committed an act which would justify his detainment.

48. The actions of the Defendants were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff R.B., thereby subjecting Defendants to punitive damages.

49. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, Plaintiff R.B. suffered the following injuries and damages:

    a. violation of his rights under Pennsylvania Common Law;

    b. physical pain and suffering;

    c. fright, horror and shock;

    d. emotional trauma and suffering; and

    e. economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, Plaintiff R.B. demands compensatory general damages against the Defendants, jointly and severally, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                                           JURY TRIAL DEMANDED

## COUNT V:

## PLAINTIFFS v. DEFENDANT SHAW

## VIOLATION OF PLAINTIFFS' PENNSYLVANIA COMMON LAW RIGHTS

### INVASION OF PRIVACY - INTRUSION UPON SECLUSION

50. Plaintiffs incorporate by reference Paragraphs 1 through 49 as though fully set forth at length herein.

51. At all times relevant to this Complaint, Plaintiffs had a right to privacy and seclusion in their private affairs and, specifically, in a private, closed-door meeting with Mr. Hendricks, as more fully described hereinbefore above.

52. Defendant Shaw intentionally and outrageously infringed upon Plaintiffs' right to privacy and seclusion when he intentionally recorded the private closed-door meeting, for which he was not present, with his cellular device.

53. The actions of Defendant Shaw were willful, deliberate, and were done with reckless disregard for the rights of the Plaintiffs, thereby subjecting Defendant Baker to punitive damages.

54. As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant Shaw, Plaintiffs suffered the following injuries and damages:

    a. violation of Plaintiffs' rights under Pennsylvania Common Law;

    b. violation of Plaintiffs' private affairs and concerns;

    c. fright, horror and shock;

    d. emotional trauma and suffering; and

    e. economic damages related to any and all consequential costs.

WHEREFORE, Plaintiffs demand compensatory general damages against Defendant Shaw in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Shaw. and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VI:

PLAINTIFF R.B. v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

55. Plaintiffs incorporate by reference Paragraphs 1 through 54 as though fully set forth at length herein.

56. Defendants Shaw and Jesse LNU acted in an intentional and outrageous manner to inflict emotional distress upon Plaintiff R.B.

57. Defendants Shaw and Jesse LNU knew, or should have known, through the use of ordinary caution, that their conduct would result in emotional distress of Plaintiff R.B.

58. The emotional distress of the Plaintiff, which resulted from Defendants Shaw and Jesse LNU conduct, was foreseeable and certain.

59. The actions of Defendants Shaw and Jesse LNU were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff R.B., thereby subjecting Defendants Shaw and Jesse LNU to punitive damages.

60.     As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendants Shaw and Jesse LNU, Plaintiff suffered the following injuries and damages:

    a.      violation of Plaintiff's rights under Pennsylvania Common Law;

    b.      physical pain and suffering;

    c.      fright, horror and shock;

    d.      emotional trauma and suffering; and

    e.      economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, Plaintiff R.B. demands compensatory general damages against the Defendants, jointly and severally, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

                Respectfully submitted,

                LAW OFFICES OF JOEL SANSONE

                <u>s/ Joel S. Sansone</u>
                Joel S. Sansone, Esquire
                PA ID No. 41008
                Massimo A. Terzigni, Esquire
                PA ID No. 317165
                Elizabeth A. Tuttle, Esquire
                PA ID No. 322888
                *Counsel for Plaintiff*

                Two Gateway Center, Suite 1290
                603 Stanwix Street
                Pittsburgh, Pennsylvania 15222
                412.281.9194

Dated:  May 3, 2021